# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Niazi Licensing Corporation**

    Plaintiff,

v.                                        Case No. _____

**Medtronic, Inc.,**

    Defendant,

# COMPLAINT

Plaintiff Niazi Licensing Corporation ("NLC"), for its complaint against defendant Medtronic, Inc. ("Medtronic"), alleges as follows:

## Parties

1. Plaintiff Niazi Licensing Corporation is a Washington company with its principal place of business in River Hills, Wisconsin.

2. Upon in formation and belief, defendant Medtronic, Inc. is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

## Nature of Action

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*.

4. NLC is the owner of all right, title and interest in U.S. Patent 6,638,268 ("the '268 Patent") entitled *Catheter to cannulate the coronary sinus,* issued on October 28, 2003, a copy of which is attached as Exhibit A.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Medtronic is incorporated and headquartered in this District. Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

# COMPARISON OF EXEMPLARY CLAIM TO EXEMPLARY ACCUSED PRODUCT

## Claim 1

7. Claim 1 of the '268 patent is directed to a double catheter for cannulating the coronary sinus of a human heart.

8. Upon information and belief, Medtronic manufactures, sells and/or offers to sell, or has done so in the past, a telescoping catheter system that it sells under its "Attain" mark ("the Attain catheter").

9. Claim 1 includes an outer, resilient catheter having shape memory and a hook shaped distal end configured for cannulation of the coronary sinus with at least one curved bend.

10. The Attain catheter includes an outer, resilient catheter, e.g., the Attain Command catheter, having shape memory and a hook shaped distal end configured for cannulation of the coronary sinus with at least one curved bend, as shown below:



11. Claim 1 includes an inner, pliable catheter slidably disposed in the outer catheter and of greater length than the outer catheter so that a distal end portion of the inner catheter can be extended or retracted from a distal end opening of the outer catheter to vary the overall length of the double catheter.

12. The Attain catheter includes an inner, pliable catheter slidably, e.g., the Attain Select II catheter, disposed in the outer catheter and of greater length than the outer catheter so that a distal end portion of the inner catheter can be extended or retracted from a distal end opening of the outer catheter to vary the overall length of the double catheter, as shown below:



13. Claim 1 further requires that the inner catheter have an internal lumen configured for the introduction of contrast media and a pacing lead into the coronary sinus.

14. The inner catheter of the Attain catheter includes a lumen configured for the introduction of contrast media and a pacing lead into the coronary sinus.

15. Claim 1 further requires a mechanism operable from the proximal end of the outer catheter for changing the curvature of the distal end of the outer catheter.

16. Upon information and belief, the Attain catheter includes a mechanism operable from the proximal end of the outer catheter for changing the curvature of the distal end of the outer catheter.

## COUNT I

### Claim for Infringement of the '268 Patent

17. NLC realleges and incorporates by reference the allegations in paragraphs 1-16 as if fully set forth herein.

18. Medtronic has manufactured, used, sold and offered to sell the Attain catheter ("the Infringing Product"), which infringes the '268 patent either literally or under the doctrine of equivalents.

19. Medtronic has directly infringed and continues to infringe the '268 patent through the use, manufacture, sale, and offer for sale of the Infringing Product.

20. Upon information and belief, Medtronic has induced and contributorily caused its customers to infringe the '268 patent.

21. Medtronic was aware of the '268 patent prior to the filing of this lawsuit.

22. Upon information and belief, direct end users of the Infringing Product have infringed the '268 patent by using the Infringing Product.

23. Upon information and belief, Medtronic has encouraged the end users to use the Infringing Product.

24. Upon information and belief, Medtronic knew that the use the Infringing Product would infringe the '268 patent.

25. Upon information and belief, Medtronic knew that the Infringing Product was made or adapted for a use that would infringe the '268 patent.

26. Upon information and belief, the Infringing Product is not a commonly available item with substantial non-infringing uses.

27. Upon information and belief, Medtronic has been and is willfully infringing the '268 patent.

28. Medtronic's conduct shows a lack of the required duty to avoid infringement of the '268 patent such that this is an exceptional case; therefore, NLC should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

29. Pursuant to 35 U.S.C. § 284, NLC is entitled to enhanced damages for infringement of the '268 patent by Medtronic, up to treble damages.

### Request for Relief

WHEREFORE, Plaintiff Niazi Licensing Corporation demands that judgment be entered in its favor and against Defendant Medtronic, Inc. as follows:

A. Adjudging that Medtronic has willfully infringed U.S. Patent 6,638,268;

B. Awarding NLC its damages, together with prejudgment interest, caused by the Medtronic's infringement;

C. Granting such other and further relief as the Court may deem appropriate.

### Jury Demand

Plaintiff Niazi Licensing Corporation hereby demands a jury trial of all issues of fact not admitted by the Defendant.

Dated: November 13, 2017          **MADIA LAW LLC**

/s/J. Ashwin Madia
J. Ashwin Madia, MN #321187
Joshua A. Newville, MN #395221
Cody J. Blades, MN #396341
Zane A. Umsted, MN #398761
333 Washington Ave N.
Minneapolis, Minnesota 55401
Tel: 612.349.2723
Fax: 612.235.3357
jamadia@madialaw.com

Dated: November 13, 2017          s/Michael T. Griggs
Michael T. Griggs
Sarah M. Wong
Kyle M. Costello
BOYLE FREDRICKSON, S.C.

      840 N. Plankinton Ave.
      Milwaukee, WI  53203
      Telephone:  414-225-9755
      Facsimile:  414-225-9753
      *Attorneys for Plaintiff Niazi Licensing Corporation*
      *\*pro hac vice application forthcoming*